**SO ORDERED.**

**DONE and SIGNED February 10, 2016.**



_____
**JEFFREY P. NORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Colby R. Daniels | § | Case Number: 13-30010 |
| | § | |
| Debtor | § | Chapter 12 |

### ORDER APPROVING THE CASE TRUSTEE'S APPLICATION FOR COMPENSATION AND EXPENSES

This matter is before the Court on the Case Trustee's Application for Compensation and Expenses (Docket No. 290) filed by Chapter 12 Trustee E. Eugene Hastings, and the objection thereto filed by Mark W. Hennessy ("Hennessy") and Mer Rouge Partners, LLC ("Mer Rouge") (Docket No. 295). The United States Trustee has filed a memorandum in support of the Chapter 12 Trustee's application (Docket No. 300). For the following reasons, the application is granted and the Chapter 12 Trustee is awarded total compensation in the amount of $95,567.78.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant case was filed on January 4, 2014. The prior trustee in this case, who was a Standing Chapter 12 Trustee, resigned effective January 31, 2015. Pursuant to 11 U.S.C. § 1202(a), Mr. Hastings was appointed the Chapter 12 Trustee in this case on February 1, 2015. Mr. Hastings does not serve as a Standing Chapter 12 Trustee pursuant to 28 U.S.C. §586(b); instead, he is appointed trustee on a case-by-case basis pursuant to 11 U.S.C. §1202(a).

As he is not a Standing Chapter 12 Trustee, Mr. Hastings is not entitled to collect the statutory percentage fee set forth in 28 U.S.C. §586(e). Rather, as he has done in this case, he must request compensation pursuant to 11 U.S.C. §326, subject to the limitations in §330. Since his appointment as Trustee in this case on February 1, 2015, through November 30, 2015, Mr. Hastings made disbursements under the confirmed plans in the total amount of $1,911,355.61. He now requests compensation totaling $95,567.78, which represents 5% of the disbursements he has made under the confirmed plans between the aforementioned dates.

## LEGAL ARGUMENT

The Chapter 12 Trustee has filed the instant application for compensation pursuant to 11 U.S.C. §330. That section of the Bankruptcy Code allows the Court to award professionals, including case trustees, reasonable compensation. Section 330(a)(7) goes on to state that "[in determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." Section 326(b) states that the court may allow reasonable compensation under section 330 not to exceed five percent upon all payments under the plan. The issue presented in this case is whether the Chapter 12 Trustee is entitled to the maximum five percent fee set forth in §326(b), or whether the Court should award a smaller fee based on an examination of whether the compensation is reasonable.

The Chapter 12 Trustee argues that the five percent maximum compensation is presumptively reasonable absent a showing of "extraordinary circumstances." Unfortunately, there do not appear to be any cases dealing with this issue in the Chapter 12 context; however, the Trustee has cited several cases which address this issue in the Chapter 7 context. The Trustee relies heavily on the decision in *Mohns, Inc. vs. Lanser*, 522 B.R. 594 (E.D. Wis. 2015), *aff'd In re Wilson*, 796 F.3d 818 (7th Cir. 2015). In *Mohns*, the district court held that the trustee was presumed to be entitled to a commission calculated pursuant to the formula in 11 U.S.C. §326. *Id*. In its reasoning, the Court held the following:

> In removing Chapter 7 trustees from § 330(a)(3) and directing courts to treat the trustee's compensation as a commission, Congress made clear that a trustee's compensation should be determined on the basis of a percentage, rather than on a factor-based assessment of the trustee's services or on the basis of the lodestar method. Having directed the courts to employ a percentage, Congress next needed to specify that percentage, and that is what the language "based on section 326" accomplishes—the court is directed to calculate the commission by using the percentages specified in § 326. *Id*. at *10.

The *Mohns* court adopted an approach already set forth in other decisions. *See, e.g., In re Rowe*, 750 F.3d 392 (4th Cir. 2014) (holding that the court is required, absent extraordinary circumstances, to compensate trustees on a commission basis pursuant to §326); *Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)*, 473 B.R. 911 (B.A.P. 9th Cir. 2012) (holding that the fee award for trustees is to be based on the commission rates provided in §326); *In re Eidson*, 481 B.R. 380 (Bankr. E.D. Va. 2012) (Congress's intent was that trustee compensation would be commission based).

This Court agrees with these decisions, as any other conclusion would render 11 U.S.C. §330(a)(7) meaningless surplusage. That section requires the Court to treat trustee compensation as a commission pursuant to 11 U.S.C. §326. By using the word "shall," Congress clearly intended to make the percentage calculation in §326 mandatory, absent a showing of "extraordinary circumstances."

It is important to note that presumptive commission is not totally immune from judicial review. The relevant case law cited above all indicate that trustees have a presumptive entitlement to the §326 commission absent "extraordinary circumstances." So, the question becomes what constitutes extraordinary circumstances, and are such circumstances present in this case.

Hennessy and Mer Rouge cited some cases, including from the Fifth Circuit, which are instructive regarding what are "extraordinary circumstances" such that a trustee would be entitled to a rate less than the presumptive rate. In *In re McCombs*, 436 B.R. 421 (Bankr. S.D. Tex. 2010), the bankruptcy court awarded the trustee compensation lower than the presumptive amount in §326 because it determined the trustee had not been completely successful. *Id*. Specifically, despite disbursing a large sum of money, there had not been any recovery for unsecured creditors. *Id*.

The *McCombs* court held that, in determining whether reduced compensation should be awarded, "[c]ourts ought to first look for disproportionality or inequitableness, rather than simply mechanically applying the *Johnson* factors in each case." *Id*. at 444, *quoting In re Coyote Ranch Contrs., LLC*, 400 B.R. 84 (Bankr. N.D. Tex. 2009). The court held that a methodical application of factors, including the *Johnson* factors, would undermine Congress's obvious intent in excluding trustee from a mandatory analysis under 11 U.S.C. §330(a)(3). Various courts have set forth what would constitute "disproportionality or inequitableness." *See, e.g., In re Scoggins*, 517 B.R. 206 (Bankr. E.D. Cal. 2014) ("a trustee fee greater than distributions to unsecured priority and general claims…could be viewed as substantially disproportionate-and an 'extraordinary' circumstance").

Some other factors to look at to determine whether "extraordinary circumstances" exist to award a lower trustee fee is whether case administration falls below acceptable standards and whether trustee duties are delegated to an attorney or other professional. U.S. TRUSTEE

HANDBOOK, ch. 2-1 at 39; *In re Rowe*, 750 F.3d 392, 397 (4th Cir. 2014); *Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)*, 473 B.R. 911, 922 (B.A.P. 9th Cir. 2012). The U.S. Trustee Handbook also states that extraordinary circumstances may exist when trustee fees are greater than the amount left over for unsecured claims. U.S. TRUSTEE HANDBOOK, ch. 7 at 4-1. This particular guideline touches again on the analysis of whether the fee awarded the trustee is disproportionate or inequitable.

In applying these principles to this case, it is clear there are no "extraordinary circumstances" which rebut the presumption that the Chapter 12 Trustee in this case is entitled to the statutory commission in 11 U.S.C. §326. First, all parties concede that the Trustee's administration of this case has not fallen below acceptable standards. On the contrary, the Trustee has administered this case skillfully and expeditiously. This includes conducting an expedited auction of real estate during contentious litigation of competing modified plans. Also, almost all of the work in the case has been completed by the Trustee himself as his Chapter 12 Trustee income and budget do not afford him the option of retaining any employees.

As for disproportionality, Hennessy and Mer Rouge urge the Court to review the compensation request against their calculation of what the Trustee would receive had he billed his time and received an hourly rate. This is a red herring. As §330 requires the Court to treat trustee compensation as a commission, the Trustee in this case was not even required to submit time records. Under the Bankruptcy Code and other case law, certain professionals are required to keep time records and bill at a reasonable rate, and courts review resulting fee applications using a lodestar analysis. The Code specifically sets forth a different system of compensation for trustees.

Therefore, instead of reviewing the hourly rate, this Court will take a broader view of whether the Trustee's requested fee is disproportionate to the services he rendered. Between

February 1, 2015, and November 30, 2015, the Chapter Trustee disbursed $1,911,355.61. The Trustee has disbursed $58,345.09 to priority unsecured claim holders, which represents a 100% payout. He has also disbursed $279,674.57 to general unsecured claim holders, which represents a payout of 41%. The Trustee has indicated he will likely disburse more funds to unsecured claim holders, and the ultimate dividend paid to such creditors may exceed 60%. The Trustee's requested compensation of $95,567.78 represents about 34% of the amount he has paid to general unsecured creditors. The distributions made in this case are in stark contrast to the distributions in the *McCombs* case, where unsecured creditors had received nothing. It is obvious that the compensation the Trustee is requesting in this case is not disproportionate or inequitable compared to the services he has performed.

The Court is also cognizant of the public policy considerations in awarding the Chapter 12 Trustee the presumptive commission. According to the U.S. Trustee and the Chapter 12 Trustee himself, a Standing Chapter 12 Trustee has not been appointed in this district due to the low number of Chapter 12 case filings. There simply are not enough Chapter 12 cases to justify the U.S. Trustee to appoint a Standing Trustee. This is precisely the reason the Trustee serves on a case-by-case basis and is required to file fee applications pursuant to 11 U.S.C. §330, instead of receiving compensation pursuant to 28 U.S.C. §586(b). Should the Court not award the presumptive commission, regardless of whether there are no "extraordinary circumstances," the U.S. Trustee would lose a substantial incentive in recruiting competent individuals to serve as Chapter 12 case trustees.

In conclusion, the case law is clear that 11 U.S.C. §330(a)(7) creates a mandatory presumption that courts treat compensation for case trustees as a commission pursuant to 11 U.S.C. §326. Courts should only award a lower fee when there are "extraordinary circumstances"

justifying a lower fee. This Court has not found any such circumstances that would lead it to award a lower fee to the Chapter 12 Trustee in this case. Further, public policy reasons support the awarding of the presumptive 5% commission in 11 U.S.C. §326.

**ACCORDINGLY, IT IS ORDERED** that the Case Trustee's Application for Compensation and expenses is granted, and the Chapter 12 Trustee is awarded compensation in the amount of $95,567.78.

###